# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re LINDSIE PHAM, et al., <br>                   Debtors. <br><br> LINDSIE PHAM AND TONY PHAM, <br>                   Appellants, <br>         v. <br> UNITED STATES TRUSTEE, <br>                   Appellee. | Case No.: SA CV 18-174-DMG <br> Bankruptcy Case No. 8:12-bk-18847-CB <br> Adversary Case No. 8:15-ap-01320-CB <br> **ORDER RE BANKRUPTCY APPEAL** |

## I.
## PROCEDURAL BACKGROUND

On January 31, 2018, Appellants Lindsie Pham and Tony Pham filed a notice of appeal of the Bankruptcy Court's order denying Appellants' Chapter 7 discharge pursuant to 11 U.S.C. § 727(a)(2). [Doc. # 1.] On February 22, 2018, the Court received notice that the bankruptcy record was complete. [Doc. # 8.]

On March 26, 2018, Appellants filed their opening brief. (Appellants' Opening Brief ("AOB") [Doc. # 9].) On May 24, 2018, Appellee United States Trustee filed his

answering brief. (Appellee's Answering Brief ("AAB") [Doc. # 12].) On June 18, 2018, Appellants filed their reply brief. (Appellants' Reply Brief ("ARB") [Doc. # 16].)

The Court has considered the papers filed in support of and in opposition to the appeal and deems this matter suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons set forth below, the Court **AFFIRMS** the Bankruptcy Court's judgment.

## II.

## FACTUAL BACKGROUND

Appellants filed a voluntary Chapter 7 petition for bankruptcy relief on July 23, 2012. (Appendix to AAB ("AAAB") at 1 [Doc. # 12].) The bankruptcy schedules disclosed ownership interests in five parcels of real property, including two adjacent rental properties located at 6107 and 6117 11th Avenue in Los Angeles, California (the, "LA Property"). (*Id*. at 87-90.) The LA Property generated monthly rental income in excess of $15,000.00. (*Id*. at 99.) Appellants used a property manager, Martin Watkins of Sunrise Property Management Group, to operate the LA Property. (*Id*. at 219.)

During a mandatory meeting of creditors on September 5, 2012, Ms. Pham testified that the LA Property was operating at a net loss, and that "the [management] company get[s]" the rents and the management company then "pay[s] for the mortgage, they pay for everything." (*Id*. at 106, 234.) As a result, the Chapter 7 trustee was left with the impression that "the rent proceeds from the [LA Property] was going directly to [Mr. Watkins] . . . [t]hen, in turn, [Mr. Watkins] would pay the mortgage and expenses." (*Id*. at 257 ¶¶ 6-7.) During a second mandatory meeting of creditors on September 21, 2012, Ms. Pham again informed the trustee that Mr. Watkins collected all of the rental income and would then pay the mortgage and expenses directly. (*Id*. at 257 ¶ 7.) Subsequent to these meetings, however, the trustee "had conversations with the lender on the [LA Property] and learned that the mortgages on the [LA Property] were not being paid and had not been paid for a period of months." (*Id*. at 257 ¶ 8.) The trustee then "began an investigation in order to ascertain what money had been deposited in the Debtors'

accounts and not turned over to the estate. [His] investigation revealed that Ms. Pham had received three check from [Mr. Watkins] during the bankruptcy period totaling: $25,996.60 (the "Rental Proceeds")[.]" (*Id*. at 257 ¶ 9.)

On November 21, 2012, the Chapter 7 trustee sent a letter to Appellants demanding "the immediate turnover to the estate [of] the Rental Proceeds . . . [the trustee also] specifically informed the [Appellants] that the Rental Proceeds are property of the estate . . . [and further] explained that if the $25,996.60 was not in [his] possession by November 29, 2012, [he] would commence litigation against them." (*Id*. at 258 ¶ 10.) That same day, the trustee filed a notice to abandon the LA Property and other scheduled real properties (the "Notice to Abandon"). (*Id*. at 284-285.) The Notice to Abandon gave the parties 14 days to object and provided that if no objection was filed, the properties would be abandoned without further hearing or order. (*Id*.) Importantly, the Notice to Abandon only described each property by detailing the address, and specifically did not indicate that the Chapter 7 trustee was also abandoning any rental proceeds already collected from these properties. (*Id*.)

Appellants did not voluntarily comply with the Chapter 7 trustee's demand that they turn over the Rental Proceeds, rather, the trustee retained counsel to recover the proceeds, which culminated in a settlement on February 14, 2014 in which the Appellants agreed to return the diverted funds.[1] (*Id*. at 260-261.) The settlement agreement provided that the Rental Proceeds constituted "an asset of the estate subject to the trustee's administration." (*Id*. at 339.) The settlement agreement further provided that the Appellants had "diverted and utilized the [Rental Proceeds] without authorization from the Court or statutory authority under the Bankruptcy Code." (*Id*.)

---

[1] As a preliminary matter, the Court notes that although the chapter 7 trustee eventually recovered the Rental Proceeds, the Appellants' initial diversion of the funds provided the basis for denying their discharge—it is the debtor's intent at the time of the initial transfer that is critical. *See Beauchamp v. Hoose (In re Beauchamp)*, 236 B.R. 727, 732 (B.A.P. 9th Cir. 1999), *aff'd* 5 F. App'x 743, (9th Cir. 2001) (holding that debtor's belated disclosure of concealed assets did not purge his initial violation of 11 U.S.C. § 727).

Based on this course of events, on July 30, 2015, the trustee commenced adversary proceedings against Appellants, alleging that they are not entitled to a discharge under 11 U.S.C. § 727(a)(2)(B) because they improperly transferred property of the estate post-petition. (Complaint [Adversary Proceeding ("AP"), Bankruptcy Docket 8:15-ap-01320-CB, Doc. #1].) A trial was conducted on November 13, 2017. [AP Doc. # 127.] Appellants' primary defense at trial was that the Chapter 7 trustee abandoned the Rental Proceeds when he abandoned the LA Property. (AAAB at 542.) According to Appellants, because the Rental Proceeds were abandoned, the proceeds were not part of the estate and therefore could not provide a basis for denying their discharge. (*Id*. at 542-545.) The Chapter 7 trustee testified at trial, stating that he relied on Ms. Pham's testimony during the September 2012 creditors' meetings to surmise that there was no excess rental income and that the rents were collected directly by the property manager and turned over to the lender. (*Id*. at 551.) The trustee further testified that when he filed the Notice to Abandon, "the notice refers to the properties, not the rents. Rents are a completely different animal. Rents are personal property, not real property . . . I think anyone would have concluded that, and it was absolutely not my intent to affect the rents at all . . . I had no interest of abandoning the rents. In fact, that same day, I sent a demand letter to either the Debtors or [their attorney] - - I don't recall which - - demanding the rents." (*Id*. at 560.)

On January 8, 2018, the Bankruptcy Court entered an order denying the Appellants' discharge pursuant to 11 U.S.C. § 727(a)(2)(B). [AP Doc. # 133.] The Bankruptcy Court rejected Appellants' argument that they could not be denied a discharge because the Chapter 7 trustee had abandoned the rents when he abandoned the LA Property. ([AP Doc. # 131 at 15-16].) The Bankruptcy Court reasoned that the Rental Proceeds were not abandoned because "abandonment of property of the estate is based on the Chapter 7 trustee's intent":

> The court concludes that based on the specific language in the [Notice to Abandon], it was the chapter 7 trustee's intent not to abandon the

Rental Proceeds. The court further concludes that the chapter 7 trustee's demand on the [Appellants] to return the Rental Proceeds, in two separate letters, at and near the time of the [Notice to Abandon], indicates intent by the chapter 7 trustee not to abandon the Rental Proceeds.

(*Id*. at 15.) Lastly, the Bankruptcy Court concluded that "evidence establishing that the chapter 7 trustee directed his agent [] to meet and confer with [Mr. Watkins] on November 19, 2012, and two days prior to the chapter 7 trustee filing the [Notice to Abandon], indicates that the chapter 7 trustee never intended to abandon the Rental Proceeds."[2] (*Id*.) It so follows that, on appeal, Appellants contend that the Rental Proceeds were not part of the estate. (*See generally* AOB.)

## **III.**
## **JURISDICTION**

As noted above, Appellants appeal an order of the United States Bankruptcy Court denying Appellants' discharge pursuant to 11 U.S.C. § 727(a)(2). Pursuant to 28 U.S.C. § 158, "district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees." 28 U.S.C. § 158(a)(1). An order denying a discharge is a final, appealable order. *See Caneva v. Sun Comms. Op. Ltd. P'ship (In re Caneva)*, 550 F.3d 755, 758 n.1 (9th Cir. 2008) (an order granting summary judgment and denying debtor's discharge is a final order). Therefore, the Court has jurisdiction to hear Appellants' appeal.

---

[2] The Bankruptcy Court provided alternative reasons as to why the Rental Proceeds remained part of the estate, including withdrawal and revocation, however, the Court need not discuss these reasons, or the argument related to these reasons, as they are not pertinent to the resolution of this appeal. (*See* AP Doc. # 131 at 16-17; *see also* AOB at 19-25; AAB at 30-35.)

# IV.
## STANDARD OF REVIEW

A district court reviews the Bankruptcy Court's findings of fact for clear error and its conclusions of law *de novo*. *Gebhart v. Gaughan (In re Gebhart)*, 621 F.3d 1206, 1209 (9th Cir. 2010) (citing *Abele v. Modern Fin. Plans Servs., Inc. (In re Cohen)*, 300 F.3d 1097, 1101 (9th Cir. 2002)). "A finding of fraudulent intent is a finding of fact reviewed for clear error." *In re Retz*, 606 F.3d 1189, 1197 (9th Cir. 2010) (citing *First Beverly Bank v. Adeeb (In re Adeeb)*, 787 F.2d 1339, 1342 (9th Cir. 1986)). "The clear error standard is significantly deferential and is not met unless the reviewing court is left with a 'definite and firm conviction that a mistake has been committed.'" *Fisher v. Tucson Unified Sch. Dist.*, 652 F.3d 1131, 1136 (9th Cir. 2011) (quoting *Cohen v. U.S. Dist. Court for N. Dist. of Cal.*, 586 F.3d 703, 708 (9th Cir. 2009)) (internal quotation marks omitted). A court's factual determination is clearly erroneous only if it is illogical, implausible, or lacks "support in inferences that may be drawn from facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1261 (9th Cir. 2009) (*en banc*) (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 577 (1985)) (internal quotation marks and citation omitted).

# V.
## DISCUSSION

Ordinarily in a Chapter 7 proceeding, an individual may discharge his debts pursuant to 11 U.S.C. § 727. *Sherman v. Sec. & Exch. Comm'n (In re Sherman)*, 658 F.3d 1009, 1010 (9th Cir. 2011). Nonetheless, Section 727(a)(2)(B) provides for the denial of discharge if the debtor has "with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody or property under this title, . . . transferred, removed, destroyed, mutilated, or concealed" property of the estate after the date of the filing of the petition. 11 U.S.C. § 727(a)(2)(B). "A party seeking denial of discharge under § 727(a)(2) must prove two things: (1) a disposition of property, such as transfer or

concealment, and (2) a subjective intent on the debtor's part to hinder, delay or defraud a creditor through the act of disposing of the property." *In re Retz*, 606 F.3d at 1200.

Appellants challenge the Bankruptcy Court's finding as to the first element.[3] (*See generally* AOB.) Appellants contend that they cannot be denied a discharge for diverting the Rental Proceeds because the trustee abandoned the LA Property and this abandonment extended to the post-petition rental proceeds collected from those properties. (*See* AOB at 11.)[4] In other words, "[s]ince the [LA Property was] not part of the bankruptcy estate, the Appellants could not have been found to have violated 11 U.S.C. § 727." (*Id.*)

The Court rejects Appellants' argument that the Rental Proceeds were abandoned after the Chapter 7 trustee filed his Notice to Abandon. Abandonment is not a process to be taken lightly because once an asset is abandoned, it is removed from the bankruptcy estate, and this removal is irrevocable except in very limited circumstances. *See Catalano v. Comm'r*, 279 F.3d 682, 686 (9th Cir. 2002). A "trustee's intent to abandon an asset must be clear and unequivocal." *Chartschlaa v. Nationwide Mut. Ins. Co.*, 538 F.3d 116, 123 (2d Cir. 2008); *see also In re Furlong*, 660 F.3d 81, 88 (1st Cir. 2011) ("Any clear manifestation of the trustee's intent to abandon property will suffice.").

---

[3] Specifically, as to the second element, Appellants do not challenge the Bankruptcy Court's finding that they acted with requisite intent. (*See generally* AOB; *see also* AP Doc. # 131 ¶¶ 45-48.) Thus, the Court finds that Appellants have waived the right to challenge that finding. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (holding that issues which are not specifically raised and argued in a party's opening brief are waived).

[4] It appears that Appellants also argue that the Bankruptcy Court erred by ruling on "the single issue in [the] case prior to the introduction of any evidence." (AOB at 12.) Appellants contend that the court "ruled after the presentation of opening the parties' opening statement that the rental proceeds are property of the estate." (*Id.* at 13.) Upon review of the record, however, it is clear that the Bankruptcy Court allowed Appellants to present evidence and argument at trial in support of their position that the rents were abandoned. (AAAB at 556-575.) Furthermore, the Bankruptcy Court considered their position and amply addressed it in the order denying their discharge, which was docketed well after the trial had concluded. (*Id.* at 493-509.) Thus, the Court concludes that Appellants were not prohibited from advancing their position at trial and, therefore, Appellants cannot establish reversible error on this basis.

Here, the Bankruptcy Court found that it was not the trustee's intent to abandon the Rental Proceeds from the LA Property, and the Court agrees with this determination as it is amply supported by the record. (*See* AP Doc. # 131 at 15-16.) For example, the Notice to Abandon made no mention of the Rental Proceeds—it only referred to the real property's address. (AAAB at 284-285.) Two days prior to filing the Notice to Abandon, the Chapter 7 trustee's agent met with Mr. Watkins and directed him to turn over the rents to the trustee as opposed to Appellants. (*Id*. at 220, 277-278.) Further, the Chapter 7 trustee established his intent to retain the Rental Proceeds when he sent a demand letter to Appellants to return the proceeds on the very same day the trustee filed the Notice to Abandon. (*Id*. at 258.) Thus, it is clear that the Chapter 7 trustee did not intend to abandon the Rental Proceeds.

Moreover, numerous courts have held that the abandonment of real property does not also abandon personal property that is related to, but separable from the real property, such as rental proceeds or insurance policies. *See Pierson v. Paris (In re Humeston)*, 83 F.2d 187, 189 (2d Cir. 1936) (discussing rental proceeds); *see also In re O'Neill Enterprises*, 547 F.2d 812, 815 (4th Cir. 1977) (abandonment of real estate by insurance company did not extend to abandonment of title to insurance fund). In fact, in *Humeston*, a mortgagee appealed a bankruptcy referee's order forbidding abandonment of real estate. *Id*. The mortgagee asserted that if the property had been abandoned, the abandonment would have carried with it the rents which the trustee had collected from the property. *Id*. In affirming the action of the referee, and denying the mortgagee's contention, Judge Learned Hand said, "In the first place the trustee never meant to abandon the rents and as abandonment is always a matter of intent, he should not have been forced to abandon them in invitum when he was mistaken in the consequences of his act. Moreover, even if the trustee did abandon the equity, he did not include the rents; the two were not inseparably linked." *Id*. at 188-189. Thus here, the Court finds that the Rental Proceeds derived from the LA Property are separate interests, and that the Chapter 7 trustee only

intended to abandon one of those interests—the equity interest in the underlying LA Property.

Accordingly, the Court concludes that the Bankruptcy Court was correct in finding that the Chapter 7 trustee's intent to abandon the LA Property, and not the Rental Proceeds, via the Notice to Abandon was clear and unequivocal, and therefore the Rental Proceeds were not abandoned and could in fact form the basis for denial of discharge.

## VI.
## CONCLUSION

In light of the foregoing, the judgment of the Bankruptcy Court is **AFFIRMED**.

**IT IS SO ORDERED**.

DATED: January 2, 2019

                                      DOLLY M. GEE
                        UNITED STATES DISTRICT JUDGE

cc: Bankruptcy Court